MOTLEY, *libelant, versus* MOTLEY.

The provisions of the Revised Statute, which prescribes the causes for which divorce may be decreed, are not repealed by the statute of 1849, chap. 116.

Under the former, the party injured could *claim* a divorce, as matter of *right.* Under the latter, the appeal can be made merely to the *discretion* of this court.

Both Acts are in harmony, and both in force.

The discretionary power, conferred upon the court by the Act of 1849, is applicable only to causes of divorce, not provided for in the Revised Code.

Thus, a combination of such wrongs as might, each, become, by a sufficient length of continuance, a ground of divorce, falls within the provisions of the Act of 1849, and may be ground of immediate divorce.

Where there has been habitual drunkenness, (though of less than three years continuance,) and a wilful desertion, (though of less than five years continuance,) and extreme cruelty to the libelant, the court has the discretionary power to decree a divorce.

LIBEL for a divorce, setting forth the marriage in 1822; and *that*, in June, 1848, the respondent deserted the libelant wilfully, and without reasonable cause, and has ever since lived separate and apart from her, has neglected and refused to furnish suitable maintenance for her, or their minor children, seven in number, although abundantly able to so provide for them; *that*, for the three or four years prior to the time of said desertion, and up to this time, he has been an habitual and confirmed drunkard, and thereby rendered unfit to have care of his family; *that*, for five or six years before said desertion, he had treated her with extreme cruelty; wherefore, she prays that a divorce may be decreed, &c.

*Clay,* for libelant.

This process is brought under the Act of 1849, chap. 116. We expect to show the desertion as alleged; that it was without any justifying cause; that defendant was a confirmed drunkard some years prior to the desertion; and for four or five years had treated the wife with extreme cruelty.

TENNEY, J. — You charge drunkenness. Do you make that the ground of the libel?

Motley *v.* Motley.

*Clay.* — It was not of sufficient continuance to meet the statute.

SHEPLEY, C. J. — You have a charge of cruelty. That sort of conduct is ground for divorce from bed and board only, except by considering all the law to be repealed, which relates to divorce from bed and board.

*Clay* reads the Act of 1849, and thinks this case is embraced by its provisions.

SHEPLEY, C. J. — Then you must consider the Act of 1849 to extend only to such particular cases, as may not be provided for in the Revised Code.

Witnesses were then examined for the libelant.

SHEPLEY, C. J., orally. — This inquiry involves the construction of the statute of 1849. Does that Act operate as a repeal of the Revised Statutes, as to causes of divorce ? It contains no *express* provision for such repeal. There is, then, no repeal, unless the new provisions are clearly repugnant to, and inconsistent with, those of the former law.

But not only does the new law not pretend to *repeal* the former one, but purports to be " *additional*" to it.

In reality, the acts are not at variance. They may have their full operation, with entire consistency. Take the law as to adultery, for instance, or of five years desertion. Under the former act, dower and alimony could be decreed. By the Act of 1849, no provision for such decrees is made. The law of 1841, gave the injured party a *right* to a divorce, and the court is bound to render such a decree. The *discretion* of the court was not appealed to, but *strict right* was demanded. The Act of 1849 gives no such *right*. It is merely upon the *discretion* of the court, that a party can call. These are but instances, brought to show that the acts are not inconsistent. We hold, therefore, that both the acts are in force.

The discretionary power, conferred by the law of 1849, is extremely broad, but it has limits. It is to be exercised only

when conducive to domestic harmony and consistent with the peace and morality of society.

What then are the cases, or, the classes of cases, in which the power can be properly exercised ? Suppose the case of a party, who had been for three years a common drunkard. In such a case the law gives a *right* to a divorce. That law is an exposition of the discretion of the Legislature upon the subject. Could this court set up its *its* discretion above that of the Legislature, and decide that it would require proof of four years habitual drunkenness ? Or that it would be satisfied with proof of two years ? We think the discretion of the Legislature a safe standard, as to every cause of divorce, for which they have made provision.

But there may be cases for which the former laws did not provide; such, for instance, as the co-existence of several of the prescribed causes, though neither of them have continued so long as to be, of itself, a sufficient ground of divorce. Such cases come within the discretionary power, conferred by the Act of 1849. For them the R. S. furnished no guide, and have indicated no standard.

In this case of Motley's, there is a combination of wrongs, there is habitual drunkenness, there is extreme cruelty toward the libelant, so that her personal safety is endangered, and there is wilful desertion.

For either of these wrongs the law makes an appropriate provision, but it is silent as to a combination of them. That combination brings the case within the statute of 1849. We are, therefore, now called upon to exercise a sound discretion. Considering that there is a family of children, is this a case in which a divorce would be conducive to domestic harmony, and consistent with the peace and the morality of society ? We think it is, and accordingly there must be a

*Decree of divorce.*

---

NOTE. — The foregoing construction, given to the Act of 1849, under which this case was decided, seems to have been rendered less important, by the passing of the Act of August 16, 1850, giving to the court a much more extensive jurisdiction in cases of divorce. — REPORTER.